IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 18-447 |
| v. ) | |
| ) | |
| BEYONCE KNOWLES CARTER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Plaintiff, Asia Johnson, *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that sues Beyonce Knowles Carter for copyright infringement, pursuant to 17 U.S.C. § 101, *et seq.* On April 11, 2018, plaintiff filed the AO 121 Form "Report on the Filing or Determination of an Action or Appeal Regarding a Copyright" (ECF No. 2). On that form she indicates as the subject of her action for copyright infringement two works that she owns or authored: 1) Copyright Registration No. 1-6055451152 for "Sirius A & A;" and 2) Copyright Registration No. 16098519063 for "Public Awareness Act." Id.

This court granted plaintiff leave to proceed *in forma pauperis* based on her showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however,

1

the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 ("the appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court also must dismiss the complaint if it fails to state a claim on which relief can be granted, which is the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

The complaint provides with respect to the amount in controversy "lost of copy writted work and information." (ECF No. 5 at 6). The complaint in sum alleges that "Beyonce took my email to Roc Nation and messages to Jay Z inbox on FB claiming my work to be hers took my educational network without any payment." (ECF No. 5 at 6). With respect to relief, plaintiff requests "400 mill continue to use the messages from Jay Z inbox of my ideas. I owen." (ECF No. 5 at 7).

In considering the complaint, the court may appropriately take judicial notice of matters of public record, Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006), including the federal copyright registrations published in the United States Copyright Office's registry. Island Software and Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005); Raucci v. Candy & Toy Factory, 45 F. Supp. 3d 440, 451 (E.D. Pa. 2015); 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2004) (court may consider matters of public record, items subject to judicial notice, and matters incorporated into or relied upon in plaintiff's complaint). According to the United States Copyright Office, copyright registration numbers must have a total of 12 characters. United States Copyright Office, https://cocatalog.loc.gov/help/regnum.htm (last visited May 8, 2018). The 2 items indicated by plaintiff as the copyrights sued upon have registration numbers with only 11 characters, and therefore, are not proper copyright registration numbers. Additionally, despite plaintiff's listing, there does not appear to be any work registered with the copyright office work entitled "Public Awareness Act." With respect to the work entitled "Sirius A&A," however, it appears from the public record and a certificate of registration filed on the docket by plaintiff that there is some "text only" registration that was issued at TXu002082224 on December 1, 2017, and indicates the owner is Asia Johnson. (ECF No. 6 [copyright office notes]).

Based upon review of the complaint, the court determines that the claims presented and relief sought by plaintiff are based on a fantastic or delusional factual scenario. <u>Neitzke</u>, 490 at 327-328. Ordinarily, a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, such as where the complaint is frivolous under § 1915(e)(2)(B)(i), the court may dismiss the complaint with prejudice without leave to amend. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). Based upon the court's determination that the complaint is frivolous, it will dismiss the complaint without leave to amend.[2]

An appropriate order follows.

Dated: May 16, 2018                      By the court,

                                                      <u>s/ Joy Flowers Conti</u>
                                                      Joy Flowers Conti
                                                      Chief United States District Judge

cc:     Asia Johnson
       1807 West St., Apt. 2
       Munhall, PA 15120

---

[2] On May 8, 2018, plaintiff filed a completed Washington state form RCW 4.28.100 motion for service by mail. (ECF No. 7). As a result of the court's determination that it will dismiss the complaint as frivolous, the motion will be denied as moot.